ENOCH KENDALL, ET AL. *v.* WM. A. WEBBER, ET AL.

[Abstract Kentucky Law Reporter, Vol. 6—513.]

**Estoppel.**

Where one has a right to an estate and permits or encourages a representation as to it which works a fraud, he will be refused any relief in a Court of Equity.

APPEAL FROM HARRISON CIRCUIT COURT.

January 24, 1885.

OPINION BY JUDGE HOLT:

The appellants claim that their purchase of a certain tract of land on October 28, 1872, at a Commissioner's sale for the purchase money, included a small distillery lot which had been sold on August 26, 1872, under an execution from the United States Court and purchased by the appellees.

The entire tract had on December 4, 1868, been sold by Allen Kendall and Thomas Walden to Conner, Furnish & Company; and the sale at which appellants purchased, was for the purchase money owing by Conner, Furnish & Company to Allen Kendall's Heirs, and one Pack, said Walden having on February 11, 1869, assigned to the latter one of the purchase-money notes.

After their purchase Connor, Furnish & Company had a small portion of the land laid off for and used for distilling purposes; and the sale of August 26th, 1872, was for claims due the United

States in the nature of taxes and penalties arising out of said business.

The appellants brought this action in trespass in the Harrison Circuit Court on October 22, 1874, to recover for the removal by the appellees from the distillery lot certain buildings and machinery.

The appellees plead not guilty and put in issue the alleged ownership and possession of the appellants.

After the action had been pending for some time the appellees were permitted, over the objection of the appellants, to file an amended answer in which they set up their execution purchase and alleged among other matters that Allen Kendall and Thomas Walden had in May, 1870, by written releases, duly acknowledged and recorded, released the distillery lot from all lien for purchase money so far as the claims of the United States against Conner, Furnish & Company were concerned, and that the appellants were by reason thereof, and the purchase of the appellees, estopped from claiming it; that the appellees having paid the claims of the United States were entitled to be subrogated to all the rights of the latter by reason of said releases; that the judgment by virtue of which the sale was made at which appellants purchased, by mistake failed to except the distillery lot; and that at the sale it was publicly announced by the Commissioner before he made it, and then assented to by the attorney and also the agent of the appellants, (the latter being the appellant, Lewis Furnish); that the distillery lot had been sold as above stated and that the appellees were then in possession of it under their purchase, and that thereby the appellants were estopped from claiming it and their Commissioner's deed void.

Upon the filing of this amended answer the action was upon the motion of the appellees and in the face of an objection by the appellants, transferred to equity.

It is at least questionable if the subsequent consent transfer of the action to the Harrison Chancery Court did not amount to a waiver of the last named objection, but in any event the action of the Court was proper. The amendment presented upon its face a full equitable defense to the action. The conduct of a party can only be relied upon as a defense to an action for realty, in equity, and is not assailable in a suit at law. And the motion to transfer having been made when the amended answer was filed was in time be-

cause the equitable defense was then for the first time presented by the amendment.

It is said that the appellants sue as purchasers of the property and not as the heirs of Allen Kendall. The Commissioner's report of sale and the deed to them however so names them, and they were interested in one of the debts for which the sale was being made. The release executed by Kendall in May, 1870, contained this language: "I hereby expressly stipulate and agree that the lien of the United States for taxes and penalties shall have priority of all such claims or liens of mine and that in case of the forfeiture of the distillery premises or any part thereof, the title of the same shall vest in the United States discharged from any such lien or claim whatever I may have on same."

The claims of the United States for which the distillery property was sold accrued prior to this release, and it is claimed that it was not retroactive. Its terms are quite comprehensive however, and we are inclined to think it was intended to apply to any then existing or which might accrue.

The release by Walden was a general one of any and all liens reserved to him in the deed to Connor, Furnish & Company. It is true when it was executed and recorded that Pack owned the Walden note; but neither the note nor the assignment to him were of record and so far as it is shown by the record neither the United States nor its agents nor the appellees had any notice when the release was executed, that the note had been assigned. The appellees were the securities of Conner, Furnish & Company upon their distillers bond, and say that they believe that they were protected in the suretyship by the lien of the United States upon the distillery property.

It is unnecessary however to decide what effect said releases had, if any, upon the question of whether the appellants purchase included the distillery lot; and we only allude to these facts as tending to show what the appellants' purchase embraced and how the parties understood it when the commissioner's sale was made.

The case being properly in equity it is unnecessary to review the testimony bearing upon the question of who was in possession of the distillery premises when the property was removed by the appellees. It was the duty of the chancellor to finally and fully settle

the controversy and the ownership and right of the parties to the property.

The testimony is conflicting as to what occurred at the commissioner's sale. The appellee Cook, and at least two other witnesses testify that the distillery property was excepted from it.

There was however no reservation in the judgment and the commissioner's report shows a sale of the entire tract and speaks of no exception having been made. The Commissioner testifies that the sale was not made subject to any claim; but even admitting that the distillery lot was not excepted from the sale, yet it clearly appears from the testimony that the attorney of the appellant bought the property for them at the sale; that the appellant Furnish was also present acting for them; and that just before the property was bid in, the attorney for the appellants, in the presence of the appellant Furnish, announced publicly that the distillery lot had been previously sold under execution for the United States claims, and had been purchased by the appellees; and that the appellee Cook then forbid the sale so far as the distillery lot was concerned. There is no testimony tending to show that both the commissioner and appellant (Furnish) then also made the same statement in substance that the attorney had made.

Such conduct upon the part of the appellants was calculated to enable them to purchase the property at a sacrifice, if the sale included the distillery lot, and was a public recognition of the claim of the appellees as a rightful one. It was such intentional conduct as was calculated to work a fraud when taken in connection with their present claim to the distillery property and under such circumstances a Court of Equity should refuse relief, although some of the appellants are infants.

Even an infant who has a right to an estate and permits or encourages a representation as to it, which works a fraud, will, as in the case of a married woman, be refused any relief as to it. Bigelow on Estoppel, page 492.

Some of the appellants aided in the removal of the property, without setting up any claim to it; while one of them allowed it to be taken through his yard and even moved his yard fence to enable it to be done. The appellees appear to have acted in good faith, and in view of the conduct of the appellants are entitled to be protected.

14

Judgment *affirmed.*
*J. Q. Ward, L. Desha, Jr., for appellants.*
*A. H. Ward, for appellees.*